**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Elodia H., | 2:24-cv-00022-MDC |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF ELODIA H.'S MOTION FOR REMAND (ECF NO. 12) AND DENYING THE COMMISSIONER'S COUNTERMOTION TO AFFIRM (ECF NO. 15)** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Elodia H. filed a *Motion for Remand* ("Motion to Remand") regarding the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. ECF No. 12. The Commissioner filed a *Countermotion to Affirm*. ECF No. 15.  The Court GRANTS the Motion to Remand and DENIES the Motion to Affirm. ECF Nos. 12 and 15.

## I. BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on February 25, 2021, alleging disability commencing on March 21, 2020. AR 244-266 and 297. The ALJ followed the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.924(a). The ALJ agreed that plaintiff did not engage in substantial gainful activity since March 21, 2020. AR 26. The ALJ found that plaintiff suffered from medically determinable severe impairments consisting of degenerative joint disease of the left knee, diabetes mellitus, and fatty liver. AR 26. The ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 24, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ determined that plaintiff retained the residual functional capacity to perform the demands of medium work as defined in the regulations except:

> that she can reach overhead occasionally bilaterally. She can (sic) in all other
> directions frequently bilaterally. She can handle frequently with the bilateral

hands. She can finger frequently with the bilateral hands. She can climb ramps and stairs occasionally but never climb ladders, ropes, or scaffolds. She can balance, stoop, kneel, crouch, or crawl occasionally. She can work at unprotected heights and moving mechanical parts frequently.

AR 27.

The ALJ compared the residual functional capacity assessed to the demands of plaintiff's past relevant work as a Housekeeper and GRA Housekeeper and decided that plaintiff could perform that kind of work. AR 31. The ALJ concluded that plaintiff did not suffer from a disability since March 21, 2020, through the date last insured. AR 32.

Plaintiff argues that the ALJ's residual functional capacity ("RFC") assessment lacks the support of substantial evidence because the ALJ impermissibly rejected the state agency opinions. ECF No. 12 at 8. The Commissioner argues that the ALJ rationally assessed the persuasiveness of the prior administrative medical findings based on their supportability and consistency with the record. ECF No. 15.

## II. DISCUSSION

### A. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  "On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)).  An ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Even where the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "ALJ

errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination …" *Marsh v. Colvin*, 792 F.3d, 1170, 1173 (9th Cir. 2015).

For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 404.1520c and 416.920c govern how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules), 82 Fed. Reg. 5844, available at 2017 WL 168819 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b) and 416.920c(a)-(b). The ALJ evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5); 416.920c(a), (c)(1)-(5). The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §404.1520c(c); 416.920c(c).

An ALJ must articulate how persuasive he or she finds the medical opinions and explain how she considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a),(b); 416.920c(a),(b) See, *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)(The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. §§ 404.1520c(b) and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id. § 404.1520c(b)(2)).

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r SSA* 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th

Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; 'the ALJ may not simply draw his own inferences about the claimant's functional ability from medical reports." *Gutierrez v. Kijakazi*, No. 2:21-cv-01292-DJA, 2022 U.S. Dist. LEXIS 66403, at 9 (D. Nev. Apr. 8, 2022)(cleaned up).

Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. See *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986); *Jakubiak v. Berryhill*, 337 F.Supp.3d 80 (D. Mass. 2018); *Maniscalco v. Colvin*, 167 F. Supp. 3d 207, 217-18 (D. Mass. Mar. 3, 2016); *Beyene v. Astrue*, 739 F.Supp.2d 77, 83 (D. Mass. 2010). A lay person is not qualified to interpret raw medical data to determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations. *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996); Rosado, 807 F.2d at 293-94; *Jakubiak*, 337 F.Supp.3d at 85 (citation omitted); *Maniscalco*, 167 F.Supp.3d at 218-19; *Beyene*, 739 F.Supp.2d at 83 (citation omitted).

**B. Analysis**

Plaintiff challenges the ALJ's finding that state agency physicians Susan Ribeiro, M.D., and Jon Arnow, M.D.'s opinions were unpersuasive. AR 30, 84-85, 92-93, 101-02, 110-11. Dr. Ribeiro reviewed the medical and other evidence of record. Dr. Ribeiro found severe musculoskeletal impairments and diabetes mellitus. AR 83. Dr. Ribeiro assessed plaintiff as retaining the following residual functional capacity: lift and carry 20 pounds occasionally, 10 pounds frequently; stand, walk, and sit for about six hours each in an eight-hour workday, occasionally climb ramps and stairs; occasionally climb ladders,

ropes, and scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; and the avoidance of concentrated exposure to extreme cold, wetness, vibration, fumes, odors, dusts, gases, poor ventilation and hazards. AR 85. Dr. Ribeiro reviewed medical records which included records from Culinary Health Center, Southwest Medical, Southern Nevada Allergy, Dr. Rosenbaum, Foot and Ankle Clinic, Sunrise Hospital, and Dr. Machuca, and provided an explanation for her opinion. AR 81-85.

Dr. Ribeiro also reviewed an earlier consultative examination performed by Khalid Kamal, M.D. AR. 84. Based on the examination findings, Dr. Ribeiro found that Dr. Kamal's opinion underestimated plaintiff's restrictions and limitations. *Id.* A few months later, on reconsideration, state agency physician Jon Arnow reviewed updated evidence. Dr. Arnow assessed the same limitations as Dr. Riberio. AR 101-102. Dr. Arnow also found that Dr. Kamal's earlier opinion underestimated plaintiff's restrictions and limitations. *Id.* Dr. Arnow also reviewed additional records from Machuca Family Medicine and Tottori Allergy and Asthma. AR 97.

Both Drs. Ribeiro and Arnow assessed plaintiff as being able to perform light work. AR 30. Drs. Ribeiro and Arnow specifically disagreed with Dr. Kamal's examination limitation to medium work and reduced the residual functional capacity finding to light because of pain. AR 84, 92, 100, 109. The ALJ found that Dr. Kamal's earlier opinion was "generally persuasive." AR 30. The ALJ found the later opinions of Drs. Ribeiro and Arnow "unpersuasive." *Id.* The Court, however, finds that the ALJ's assertion here is vague as the ALJ does not make any specific findings regarding why he finds that the opinions of Drs. Ribeiro and Arnow are unpersuasive. For example, the ALJ found that based on his review of the medical evidence, the "opined degree of limitation in lifting and/or carrying" is not supported. *Id.* The ALJ then listed the same medical evidence reviewed by the State agency and then concluded, based on his own interpretation, that lifting fifty pounds occasionally is a more accurate finding than lifting 20 pounds. This is not substantial evidence. See *Melodi v. Acting Commissioner of Soc. Sec.*, 2021 WL 12174663, at *4 (W.D. Washington September 16, 2021) ("The ALJ has not

provided substantial evidence to reject the doctor's opinion by providing a different characterization of the exams, but instead, again provides speculation."). The Court finds that the ALJ's characterization of the same medical evidence to reject Drs. Ribeiro and Arnow's opinions is vague speculation and is not substantial evidence.

The ALJ also noted that Drs. Ribeiro and Arnow's opinions do not support the opined degree of limitation in lifting and/or carrying, but the opinions do support "manipulative limitations." Yet the ALJ does not explain how. To the contrary, the ALJ finds that the medical evidence shows "hypertrophic changes of the left knee and tenderness along the tibial joint line and parapatellar area, limited range of motion of the bilateral shoulders, reduced bilateral grip strength, and limited range of motion of the cervical and lumbar spine," which manifestly support limitations on lifting and/or carrying, but the ALJ does not articulate, with support, his conclusion that, in light of his findings of the medical record, the degree of limitation is not supported. For example, the ALJ finds that Drs. Ribeiro and Arnow's opinions "are not consistent with subsequent medical evidence that shows normal motor strength of the bilateral upper and lower extremities, intact sensation, and normal gait on exams" – but the ALJ does not point to any evidence/medical records to support this conclusion. The ALJ's reasons are unsupported. The Court finds that the ALJ's conclusion is a medical conclusion and not a finding of fact. The ALJ is interposing his own medical opinion, which is not proper. *See. Manso-Pizarro*, 76 F.3d at 17; Rosado, 807 F.2d at 293-94; *Jakubiak*, 337 F.Supp.3d at 85; *Maniscalco*, 167 F.Supp.3d at 218-19; *Beyene*, 739 F.Supp.2d at 83.

The Court finds that the ALJ's RFC assessment lacks the support of substantial evidence and is a result of legal error. See *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (the ALJ's decision must be supported by substantial evidence and free of legal error). It is not clear from this record how the ALJ translated the medical evidence into an RFC. The ALJ in this case, decided the severity or residual functional capacity without the support of any of the medical opinion evidence. For example, the ALJ

found that plaintiff could care for her adult son, including feeding him and helping bathe him, without identifying specific records. This is unsupported and contrary to law that provides that doing everyday chores does not equate to ability to work full time. Compare, see *Tackett*, 180 F.3d at 1103 (Finding that "[e]vidence that Tackett took a four-day road trip to California, without more, is insufficient to counter the opinion of Tackett's treating physicians and the ALJ's own medical examiner that Tackett needs to shift positions "every 30 minutes or so."). While the ALJ is the ultimate arbiter of the RFC, he is "simply not qualified to interpret raw medical data in functional terms." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (opining that an ALJ is not qualified to extrapolate functional limitations from raw medical data). This assertion is not a basis to reject the opinions of the State agency physicians. See *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022), ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). The ALJ interpreted raw medical data, as it is unclear how the ALJ derived plaintiff's RFC from the record. The Court finds that the ALJ's RFC is not supported by substantial evidence.

The Court also notes that the ALJ found that the State agency physicians' opinions "are not consistent with subsequent medical evidence that shows normal motor strength of the bilateral upper and lower extremities, intact sensation, and normal gait on exams." AR 30. This portion of the ALJ's opinion is also vague, given that the State agency physicians reviewed all the records, except for two, that the ALJ claims they did not review. See AR 518, 557, 646-655, 664, 717, 738, 740, and 798. The two records the State agency physicians did not review pertained to a urinary tract infection and a follow up appointment for fatigue, which are unrelated issues than the ones considered by the State agency physicians. The ALJ's claim that subsequent medical notes, for which there are only two regarding unrelated matters, is a vague assertion. It is unclear how the ALJ determined how those two unrelated

records contradicted the State agency physicians' opinions.

Having reviewed the administrative record as a whole, the Court finds that the ALJ's decision is not wholly supported by substantial evidence and recommends the case is remanded. The Court also finds that the ALJ's RFC is not supported by substantial evidence. Since the Court remands this case based on the lack of substantial evidence and the issue of the RFC, the Court does not reach the parties' disagreements about how the ALJ classified plaintiff's past relevant work as a Cleaner, Housekeeping DOT No. 323.687-014 and a Hospital Cleaner DOT No. 323.687-010. The Court remands this case for further proceedings consistent with this Order.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Elodia H.'s *Motion for Remand* (ECF No. 12) be GRANTED.

2. The Commissioner's *Countermotion to Affirm* (ECF No. 15) is DENIED.

1. The Clerk of Court be DIRECTED to enter final judgment in favor of the plaintiff and close this case.

Date: September 18, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge